UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of
ARBITRATION OF DISPUTES

between

LAUNDRY, DRY CLEANING WORKERS AND
ALLIED INDUSTRIES HEALTH FUND, UNITE HERE! and
LAUNDRY, DRY CLEANING WORKERS AND
ALLIED INDUSTRIES RETIREMENT FUND, UNITE HERE!,
Petitioners,

and

OLD MASTERS CLEANERS, INC.,
Respondent.

07 CIV. 8806(AKH)

MEMORANDUM OF LAW IN SUPPORT OF
PETITION TO CONFIRM ARBITRATION AWARD

Factual Background

The facts relevant to the instant memorandum are fully recited in the accompanying Petition of Mark Schwartz, duly verified the 9th day of October 2007.

INTRODUCTION

This proceeding has been brought to confirm an arbitration award dated August 30, 2007, in which Philip Ross (hereinafter, the "Arbitrator"), found that Old Masters Cleaners, Inc. (hereinafter, the "Respondent"), was obligated by the terms of a Collective Bargaining Agreement to make employee benefit contributions to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! and the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! (hereinafter, the "Fund"), and granted the Trustees of the Fund (hereinafter, the "Petitioners"), recovery as to delinquent amounts. For the reasons set forth below, this Court has jurisdiction over the subject matter and over the person of the Respondent and is, therefore, the proper forum for a Petition to Confirm that Arbitration Award.

POINT I

THIS COURT HAS SUBJECT MATTER
JURISDICTION HEREIN

Section 515 of the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA"), 29 U.S.C. §1145, provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

As found by the Arbitrator, Respondent has failed to make contributions to the Funds as required by a Collective Bargaining Agreement.

ERISA Section 502(a)(3), 29 U.S.C. §1132 (a)(3), provides that a civil action may be brought by a fiduciary to redress violations of ERISA.

As fiduciaries of the Fund, Petitioners have standing to bring this proceeding, which seeks redress of Respondent's violation of ERISA Section 515.

This Court has jurisdiction to hear this proceeding under Section 502(f) of ERISA, which provides:

> The district courts of the United States shall have jurisdiction, without regard to the amount in controversy or citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

As shown above, this is an action for relief under subsection (a) of Section 502 of ERISA.

The Petitioners also bring this Petition pursuant to Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. Section 185(a). Section 301(a) vests the federal courts with the power and jurisdiction to confirm an arbitration award made in accordance with a collective bargaining agreement in the labor relations context. Sheet Metal Contractors Assoc. of New York City v. Local Union No. 28 of N.Y., 301 F. Supp. 553 (S.D.N.Y. 1969).

It is well established that agreements requiring employee benefit contributions are contracts within the meaning of Section 301(a), Savoretti v. Hotel & Restaurant Emp. and Bartenders, 407 F. Supp 1286 (S.D.N.Y. 1979), and that trustees of an employee benefit fund may maintain an action under that section. Whelan v. Colgan, 602 F. 2nd 1060 (2d. Cir. 1979). [See also, Santos v. District Council of New York City, etc., 619 F. 2d 963 (2d. Cir. 1980)], holding that the prevailing party in a labor arbitration proceeding may seek court enforcement of the award under Section 301(a).

POINT II

### THIS COURT HAS PERSONAL
### JURISDICTION OVER RESPONDENT

Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) provides:

> Where an action under this subchapter is brought in a
> district court of the United States, it may be brought
> in the district where the plan is administered, where
> the breach took place, or where defendant resides or
> may be found, a process may be served in any other
> district where defendant resides or may be found.

As stated in the Petition, Petitioner's plan is administered within the Southern District of New York. Thus, venue is proper in this Court.

The last clause of ERISA Section 502(e)(2) authorizes nationwide service of process on a defendant, regardless of the district in which the action is brought. See Rodd v. Region Construction Co., 783 F. 2d 89 (7th Cir. 1986). As Respondent was served with process within the Southern District of New York this Court has obtained personal jurisdiction. Service of the Petition to Confirm the Arbitration Award was made in the manner consented to by the Respondent in its Collective Bargaining Agreement. Paragraph 35 (C) of Respondent's Collective Bargaining Agreement provides:

> The parties consent that any papers, notices or
> process, including subpoenas necessary or appropriate
> to initiate or continue an arbitration hereunder, or to
> enforce or confirm an award may be served by
> ordinary mail directed to the last known address of the
> interested parties or their attorneys. The service of
> any other notices that may be required under the Civil
> Practice Law and Rules is hereby expressly waived.

Service of process by mail is sufficient if the party has agreed and such service is by contract. See Hearst & Entertainment v. Multichannel Distributors, 1997 WL 72150 SDNY 1997, Lawn v. Franklin 328 F. Supp. 791 (S.D.N.Y. 1971), where the court allowed service of process by mail to confirm an arbitration award. Further, the Federal Arbitration Act, 9 U.S.C. § 9, permits service of such petitions to confirm arbitration awards by mail. Accordingly, this Court has personal jurisdiction over the Respondent.

POINT III

### THE FUND IS ENTITLED TO RECOVER
### PRE-JUDGMENT INTEREST AND
### LIQUIDATED DAMAGES, TOGETHER
### WITH COSTS AND ATTORNEY FEES

ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2) provides, in pertinent part:

> In any action under this title by a
> fiduciary for or on behalf of a plan
> to enforce Section 515, in which a

judgment in favor of the plan is
awarded, the court shall award the
plan

(A)     the unpaid contributions,

(B)     interest on the unpaid contributions,

(C)     an amount equal to the greater of --

     (i)     interest on the unpaid
            contributions, or

     (ii)    liquidated damages provided
            for under the plan...

(D)     reasonable attorney fees and costs of the
          action, to be paid by the defendant, and

(E)     such other legal or equitable relief as
          the court deems appropriate. For purposes
          of this paragraph, interest on unpaid
          contributions shall be determined by using
          the rate provided under the plan.....

As demonstrated above, this Petition is an action to enforce Section 515 of ERISA.

The Plan Rules for the Fund (Exhibit B to Petition) provide for interest at the rate of 18% on all sums due and liquidated damages equal to 20% of the delinquent contributions.

The Arbitrator has already awarded the Fund liquidated damages and interest up to the date of the Arbitration Award. Pursuant to ERISA Section 502(g)(2), however, the Fund is also entitled to interest and liquidated damages on the past due amount through the date of judgment. In addition, the Fund should recover its reasonable costs and attorney fees incurred in connection with this Petition.

<u>CONCLUSION</u>

PETITIONERS' PETITION SHOULD BE GRANTED AND AN ORDER ISSUED CONFIRMING THE ARBITRATION AWARD AND DIRECTING ENTRY OF JUDGMENT, IN THE AMOUNT OF $910.74 TOGETHER WITH 18% INTEREST AND 20% LIQUIDATED DAMAGES, FROM THE DATE OF THE ARBITRATION AWARD TO THE DATE OF JUDGMENT, PLUS COSTS AS PROVIDED BY LAW.

Dated:  December 3, 2007
        New York, New York

Respectfully submitted,

Mark Schwartz, Esq. MS-0148
Attorney for Petitioners
730 Broadway, 10th Floor
New York, New York 10003
(212) 539-5275